**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BENJAMIN ALEXANDER POTTS,** | § | |
| **#17034-077,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-4365-B-BK** |
| | § | **(3:10-CR-0015-B-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, the section 2255 motion should be denied.

## I. BACKGROUND

In 1991, while in federal custody, Petitioner was convicted in the United States District Court for the Southern District of Indiana of threatening a United States District Judge and the President of the United States, and was sentenced to 30 months imprisonment and a 3-year term of supervised release. *United States v. Potts*, No. 1:90-CR-075 (S.D. Ind., May 2, 1991). Following the transfer of his supervision, Petitioner was arrested for aggravated assault with a deadly weapon, and this Court revoked his term of supervised release, sentencing him to a new 48-month term of imprisonment. *United States v. Potts*, No. 3:10-CR-015-B (N.D. Tex. Mar. 4, 2010), *aff'd*, 517 Fed. Appx. 275 (5th Cir. Mar. 26, 2013).

In this timely section 2255 motion, Petitioner asserts supervised release is unconstitutional and that counsel rendered ineffective assistance during the revocation

proceedings and on appeal.  [Doc. 1 at 5-12].  The government argues the section 2255 motion

lacks merit.  [Doc. 4 at 1].  Petitioner disputes the government's position.  [Doc. 5].

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the Court

presumes that a petitioner stands fairly and finally convicted.  *United States v. Cervantes, 132*

*F.3d 1106, 1109 (5th Cir. 1998)*.  There are four cognizable grounds upon which a federal

prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in

violation of the Constitution or laws of the United States; (2) the court was without jurisdiction

to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the

sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *United States v. Placente,*

*81 F.3d 555, 558 (5th Cir.1996)*.  "Relief under 28 U.S.C. § 2255 is reserved for transgressions

of constitutional rights and for a narrow range of injuries that could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States*

*v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992)*.[1]

To establish ineffective assistance of counsel, a petitioner must show that counsel's

performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*

*v. Washington, 466 U.S. 668, 687-688 (1984)*.  Failure to establish either deficient performance

or prejudice defeats the claim.  *Id.* at 697.  To prove the deficient performance prong of the

*Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not

functioning as the counsel guaranteed by the Sixth Amendment.  *Id.* at 687.  The proper measure

---

[1] The revocation of supervised release is a sentence, *see United States v. Moody, 277 F.3d 719,*
*720 (5th Cir.2001)*, and is thus properly challenged under section 2255. See 28 U.S.C. § 2255 (a
prisoner claiming that "the sentence was imposed in violation of the Constitution or laws of the
United States" may move the court which imposed the sentence to vacate, set aside or correct the
sentence); *United States v. Bang, 2008 WL 2714093, *2 (S.D. Tex. July 9, 2008)*.

of attorney performance is reasonableness under prevailing professional norms.  *Id.* at 688.  *See*

*Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("counsel has a duty to make reasonable

investigations or to make a reasonable decision that makes particular investigations

unnecessary").  "Judicial scrutiny of counsel's performance must be highly deferential."

*Strickland*, 466 U.S. at 689.  There is a strong presumption that counsel's conduct fell within the

wide range of reasonable professional assistance.  *Id.*  To prove prejudice, "[t]he defendant must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different."  *Id.* at 694.

**1. Constitutionality of Supervised Release and Ineffective Assistance Claims (Claims 1, 3-4)**

Relying on *Affronti v. United States*, 350 U.S. 79 (1955), and *Bifulco v. United States*,

447 U.S. 381 (1980), Petitioner asserts supervised release is unconstitutional and that trial and

appellate counsel rendered ineffective assistance in failing to raise the issue.  [Doc. 1 at 5, 8, 11,

18, 20–21; Doc. 5 at 2, 4, 13].   However, *Affronti* and *Bifulco* are inapposite to Petitioner's

argument.  The probation statute at issue in *Affronti* was repealed by the Sentencing Reform Act

of 1984, which expressly allows for imposition of a term of supervised release and a sentence of

imprisonment if that supervised release is revoked.  18 U.S.C. § 3553(a), (e); *United States v.*

*Powell*, 242 Fed. Appx. 213 (5th Cir. 2007) (unpublished).  Likewise, the special parole term,

which *Bifulco* determined could not be imposed on a defendant convicted of a drug conspiracy

offense, was voided by the Sentencing Reform Act and replaced by supervised release.  *See*

*Gozlon-Peretz v. United States*, 498 U.S. 395, 399-401 (1991).  Now, and at the time of Potts'

revocation, under 18 U.S.C. § 3583(a), "a federal district court has the power to impose a term of

supervised release as part of any criminal sentence."  *United States v. Jordan*, 915 F.2d 622, 631

(5th Cir. 1990) (noting that section 3583(a) provides courts with an additional sentencing option, which the Supreme Court found lacking in *Bifulco*).

Petitioner's contention that 18 U.S.C. § 871 (the statute under which he was convicted) does not authorize the imposition of a term of supervise release has no merit.  [Doc. 1 at 5, 11; Doc. 5 at 15].  Equally unavailing is Petitioner's claim that this Court "was without any authority and jurisdiction to impose a judgment in this case pursuant to § 3583 et seq. because supervise[d] release is nothing more than federal probation."  [Doc. 1 at 11].  Indeed, that section provides that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."  18 U.S.C. § 3583(a); *see United States v. Van Nymegen*, 910 F.2d 164, 166 (5th Cir. 1990) (noting that Sentencing Reform Act of 1984 authorizes the imposition of a supervised-release term under § 3583(a) and that such term "is discretionary with the district court unless the offense of conviction is one where a term of supervised release is required by statute").

In addition, because Petitioner's constitutional arguments lack merit, his trial and appellate counsel were not ineffective in failing to raise them at the supervised release revocation hearing and on appeal.  *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim."). Furthermore, contrary to Petitioner's assertions, his attorneys' reluctance to raise a frivolous issue does not give rise to a conflict of interest that adversely affected the attorneys' ability to

provide reasonable representation.  [Doc. 5 at 7].  Nor did counsels' failure to raise such meritless claim amount to a "betrayal of his client's constitutional rights to the only defense available."  [Doc. 5 at 7].  Moreover, Petitioner's contention that trial and appellate counsel had a "financial interest to keep the supervised release provision alive because there are pecuniary gains from representing defendants . . ." is patently frivolous.  [Doc. 1 at 19; Doc. 5 at 2, 6, 8].

Accordingly, Petitioner's claims fail.

## 2. Counsel's Failure to Seek a Continuance (Claim 2)

Lastly, Petitioner asserts counsel rendered ineffective assistance in failing to seek a continuance of the supervised release revocation hearing to investigate and prepare an adequate defense.  [Doc. 5 at 10, 12].  Petitioner maintains that he "had a right to remain silent" and wanted counsel to review documents.  [Doc. 5 at 10].  He explains that he "only had four days from arraignment to prepare a defense," and that he needed more time to marshal his defenses in light of new bank robbery charges, which would inhibit his ability to raise certain defenses. [Doc. 1 at 8, 17].  Petitioner, thus, claims he was placed in a "catch-22" position due to the unresolved bank robbery charges and counsel's refusal to seek a continuance.  [Doc. 5 at 10-11].

Petitioner's allegations, however, are conclusory and refuted by the record.  Petitioner's February 17, 2010, initial appearance and his March 4, 2010, revocation hearing were 15 days apart.  Moreover, contrary to his assertions, Petitioner's supervised release, which was revoked for possession of a firearm and threatening someone with it, was unrelated to the new bank robbery charges.  [Crim. Doc. 16 at 5].  Petitioner also fails to show that the outcome of his supervised released would have been different if counsel had sought to postpone the hearing.  He does not identify any of the purported defenses or explain how the revocation proceeding fifteen days after his initial appearance prevented him from pursuing those defenses.  *See Miller v.*

*Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations, whether made by a *pro se* litigant or by counsel, are insufficient to raise cognizable claims of ineffective assistance of counsel); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim and noting that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (to prove that his counsel was ineffective, the petitioner must "show with specificity what should have been done differently and how the outcome of the proceeding would have been different.").

Therefore, this claim also fails.

### III. CONCLUSION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

SIGNED June 23, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE